IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NA<br>As Trustee for the Holder of<br>Park Place Securities, Inc.<br>Asset-Backed Pass Through<br>Certificates, Series 2004-WCW2,<br>Its Successors and Assigns<br><br>VS.<br><br>ROBERTO RODRIGUEZ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO.4:12-CV-819-Y<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This case, removed from state court, was accompanied by a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

In this case, Roberto Rodriguez has filed a Notice of Removal of a case filed against him and Rosana Rodriguez in the County Court at Law Number One, Tarrant County, Texas.

B. PARTIES

Wells Fargo Bank, N.A. was the plaintiff in state court, and the defendant/removing party is Roberto Rodriguez.

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

C. LEGAL ANALYSIS

Removing party Roberto Rodriguez accompanied the Notice of Removal with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 et. seq. That motion/application includes the income and asset information for Rodriguez.[2] A review of the financial information submitted in the application/motion reflects that Roberto Rodriguez receives $1,178.00 a month in income or $14,216 annually, and lists no dependants or persons who rely upon him for support. Under the Department of Health and Human Service poverty guidelines for 2012, the guideline for a one-person household is $11,170. As Plaintiff's household income is above that threshold, the application shows that Plaintiff has sufficient resources available to pay the filing fee. Thus, after review and consideration of the application/motion to proceed in forma pauperis filed by Plaintiff, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

RECOMMENDATION

It is therefore RECOMMENDED that Roberto Rodriguez's November 16, 2012 motion/application to proceed in forma pauperis [docket no. 3] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform removing party Roberto Rodriguez that the complaint/notice of removal will be subject to dismissal without further notice under

---

[2] Although there is reference in the state court papers to a "Rosana Rodriguez," she did not sign the pleadings in this case, did not seek to proceed in forma pauperis, and there is no information listed in the sections of the IFP application about a spouse's income and assets.

2

Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the full filing fee of $350.00 within ten (10) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 11, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

3

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until December 11, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED November 20, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE